UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:22cv14074

JACKIE BURGESS,

      Plaintiff,

vs.

SAM'S EAST, INC. D/B/A SAM'S CLUB, a
Foreign profit Corporation, and KAREN
L'HEREUX, as Manager

      Defendants.

_____/

## **DEFENDANT SAM'S EAST, INC'S NOTICE OF REMOVAL**

Defendant, SAM'S EAST, INC. D/B/A D/B/A SAM'S CLUB ("Sam's East"), by and through undersigned counsel hereby files with this Court, pursuant to 28 U.S.C §1441 and §1446, a Notice of Removal to the Court of a civil action filed in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida as Case No: 2022CA000099AXXX in which Sam's East has been named as a Defendant[1].

1.    Plaintiff, JACKIE BURGESS, has filed an action in the Circuit Court in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida naming Sam's East, Inc. D/B/A Sam's Club and Karen L'Hereux as a Defendants.

---

[1] As set forth in Paragraph No. 1, *infra,* in the State court action which is the subject of this Notice Plaintiff named as defendants Sam's East as well as Karen L'Heureux, a former manager of Sam's East. Undersigned counsel has filed a Notice of Appearance in the State court action on behalf of both Sam's East and Ms. L'Heureux, and represents both of them as to the subject claim. Based on the position set forth in this Notice of Removal–that Ms. L'Heureux has absolutely no connection to the subject alleged incident and was fraudulently joined to attempt to defeat diversity and prevent removal–undersigned counsel is filing this Notice of Removal on behalf of the only properly named defendant to the action, Sam's East. Removal of the entire action is sought. Thus, should the action be removed based upon the fraudulent joinder, it is undersigned counsel's understanding that Sam's East would by operation of said finding be the only remaining defendant in the action as removed, and that there would be nothing to be "done" with respect to Ms. L'Heureux. However, to the extent necessary, i.e. should that understanding of the procedural aspect not be shared by the Court, undersigned counsel would request that the Court consider this Notice of Removal to also constitute a motion to dismiss for fraudulent joinder of the claims against Ms. L'Heureux.

2.      A copy of Plaintiff's Complaint, which was served on Sam's East on January 24, 2022, is attached hereto as **Exhibit "A"**. The Complaint consists of two counts setting forth identical negligence allegations, one against Sam's East, Inc. D/B/A Sam's Club and one against Karen L'Heureux[2], which purportedly caused him to suffer personal injuries.

3.      Pursuant to 28 U.S.C §1446, a complete copy of the state court file in Case No: 2022CA000099AXXX filed in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida is attached hereto as **Composite Exhibit "B"**.

4.      Plaintiff, Jackie Burgess is now and at all times material has been a citizen of the State of Florida.

5.      Defendant, Sam's East is now, and was at the time of the filing of the subject Complaint, a citizen of the State of Arkansas, as it is incorporated in the State of Arkansas and has its principal place of business in the State of Arkansas. Sam's East is therefore not a citizen of the State of Florida.

6.      Defendant, Karen L'Heureux, is and was at the time of the filing of the subject Complaint, a citizen of the State of Florida. However, Ms. L'Heureux is fraudulently joined, and her citizenship must be disregarded for the purposes of diversity jurisdiction analysis. Her presence in this action does not destroy diversity and therefore does not prevent removal. A fraudulent joinder "provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

7.      Because the Plaintiff is a citizen of the State of Florida and the properly joined Defendant Sam's East is not, complete diversity exists under 28 U.S.C. § 1332.

8.      The allegations made in a Notice of Removal "are sufficient to establish diversity between the parties, where the Complaint lacks the necessary jurisdictional allegations." *Painter v. Cincinnati Ins. Cos.*, No. 09-61761-CIV-ZLOCH/ROSENBAUM, 2010 U.S. Dist.

---

[2] Karen L'Heureux's name is misspelled in the Complaint/Caption as "L'Hereux".

LEXIS 151890, at *12 (S.D. Fla. Mar. 18, 2010); and *Woolard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992).

9.      Further, the amount of damages in controversy in this matter significantly exceeds $75,000.

10.      Therefore, there are sufficient facts to establish the subject matter jurisdiction of this Court.

**I.      Defendant Karen L'Heureux was Fraudulently Joined.**

When determining whether diversity jurisdiction exists, the Court must disregard the citizenship of a fraudulently jointed party. *See, Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). A party is deemed to be fraudulently joined where there is "no reasonable basis" for a claim against her/him/it. *See Crowe v. Coleman*, 113 F.3d1536, 1542 (11th Cir. 1997). The "no reasonable basis for a claim" standard as applied by the Eleventh Circuit Court of Appeals means, "(t)he potential for legal liability 'must be reasonable, not merely theoretical.' " *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005). Here, there is no *reasonable* potential for legal liability as to Ms. L'Heureux; any potential for legal liability against her would be only theoretical.

Firstly, the allegations of the Complaint themselves demonstrate the lack of any reasonable basis under governing law for a claim against Ms. L'Heureux.  The listing of allegations in the two counts, one against Sam's East and the other against Ms. L'Heureux, are identical.  Count I lists a host of boilerplate alleged acts or omissions against Sam's East, which are repeated verbatim in Count II, but with Ms. L'Heureux's name switched out for Sam's East.  The Complaint is so clearly a product of "fill-in-the-blanks" draftsmanship that Paragraph 18 refers to Ms. L'Heureux as an "it."  Thus, the Complaint itself states no allegations to form a basis for the kind of personal and direct duty, and therefore breach, which is required under governing law. *Krobatsch v. Target Corp.*, 20-81552-CIV, 2020 WL 6375175, at *2 (S.D. Fla. 2020) ("to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining

party, *and that the duty was breached through personal (as opposed to technical or vicarious) fault*") (emphasis added) (quoting *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. 1st DCA 2005)). In order for a plaintiff to pursue a tort claim personally against an employee, Florida law requires an allegation that a personal duty was breached by that individual. An employee may not be held personally liable "simply because of his [or her] general administrative responsibility for performance of some function of his [or her] employment"—he or she must be actively negligent. *McElveen v. Peeler*, 544 So. 2d 270, 271-272 (Fla. 1st DCA 1989); *see also White v. Wal-Mart* at 358 (upholding joinder where a Complaint alleged that a manager negligently failed to perform certain duties for which he was directly responsible); *Krobatsch* at \*4-5 (upholding joinder where the Plaintiff alleged that the joined manager was responsible for keeping the section of floor at issue clean).  That kind of personal allegation is completely lacking here.

The case of *Siciliano v. Target Corp.* is particularly instructive. 2014 WL 12461368 (S.D. Fla 2014). There, as here, the Plaintiff alleged general failures to correct dangerous conditions, warn of their existence, and train employees in their proper mitigation. There, as here, the Notice of Removal included a Declaration from the employee at issue denying personal responsibility for the incident. **See Declaration of Karen L'Heureux, attached hereto as Exhibit "C".** That Declaration makes clear that although Ms. L'Hereux was a Manager at the subject Sam's Club as of the timeframe of the subject incident, she was not in the Club's vestibule (where the incident occurred) at the time the incident occurred. *Id.*  Further, her specific daily tasks and duties did not include inspecting or cleaning the vestibule.  *Id.* Ms. L'Heureux had no knowledge of and was not involved in any way in the subject incident, and specifically had no knowledge of any allegedly hazardous condition which allegedly caused said incident, and did not inspect or clean the subject area, i.e. the vestibule, at the subject time. *Id.*  "When a defendant presents an undisputed affidavit, the court cannot resolve the facts in the plaintiff's favor based solely on the undisputed allegations in the complaint." *Siciliano* at \*2. Thus, beyond the fact that Plaintiff did not sufficiently allege

any personal responsibility or breach on the part of Ms. L'Heureux, her affidavit proves that she did not in fact personally participate in any events giving rise to the accident. The Plaintiff cannot point to any evidence showing that she was actively negligent or committed any tort or negligent act in her individual capacity.  The claim against her fails on this basis. *Id*; *see also Kalit v. Target Corp.*, 2019 WL 423318, at *3 (S.D. Fla. 2019) (denying joinder when the record indicated that the joined manager was not responsible for keeping the floors clean).

The lack of any specific allegations whatsoever as to any personal or direct acts or omissions by Ms. L'Heureux, coupled with the undisputed circumstances as demonstrated through her Declaration establish that there is no reasonable potential for any legal liability on her part. When a defendant puts forth evidence of fraudulent joinder, the burden shifts to the plaintiff to present evidence to support a reasonable basis for a claim against the fraudulently joined defendant. *Legg* at 1323-24. For the same reasons as demonstrated above – not only the lack of allegations but what the circumstances in fact are – Plaintiff cannot do so.  There *is* no reasonable basis for the claim against Ms. L'Heureux, there *is* no <u>reasonable</u> potential for legal liability on her part.   Accordingly, Ms. L'Heureux's citizenship may be disregarded because she was fraudulently joined into this suit. *See Stephens v. Petsmart, Inc.*, 809-CV-815-T-26TBM, 2009 WL 3674680, at *2 (M.D. Fla. Nov. 3, 2009) (where joinder of a party is deemed fraudulent, it will not be permitted to defeat diversity jurisdiction).  Accordingly, there is complete diversity of citizenship between the (properly named) parties.

## II.    <u>The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.</u>

Plaintiff's Complaint alleges that he is seeking in excess of $30,001.00. However, the demand package provided by counsel for the Plaintiff to Sam's East includes medical bills claimed as damages in this matter which are in excess of $215,000 (two of the bills are each alone over the $75,000 threshold). A compilation of the medical billing provided by Plaintiff's Counsel along

with the demand letter is attached as **Composite Exhibit "D".** Accordingly, the amount in controversy clearly exceeds $75,000.

### III.    Conclusion

This Court has original jurisdiction of this matter pursuant to 29 U.S.C §1332, as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds $75,000. Removal of this matter is therefore proper under 28 U.S.C. §1441. Defendant, Sam's East was served with the Complaint on January 24, 2022. Thus, the Notice of Removal is being filed within thirty (30) days of Sam's East being served with a copy of the Plaintiff's Complaint as required by 28 U.S.C §1446(b)[3]. Because there is complete diversity of citizenship and the amount of controversy exceeds the jurisdictional amount, this Court has jurisdiction under section 28 U.S.C. §1332. Pursuant to 28 U.S.C §1446(d), a copy of the Petition and Notice of Removal is being properly filed with the Clerk of the Circuit Court for the Nineteenth Judicial Circuit in and for St. Lucie County and served on counsel for Plaintiff. This Court has original jurisdiction of this matter pursuant to 28 U.S.C §1332, as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds $75,000. Removal of this matter is therefore proper under 28 U.S.C. §1441. Based on the foregoing, Sam's East has met its burden in establishing that this Court has jurisdiction over this civil action pursuant to 28 U.S.C §1332 and 28 U.S.C §1441.

WHEREFORE, the Defendant, Sam's East, Inc. D/B/A Sam's Club[4], submits that this Notice and Petition for Removal be deemed good and sufficient, and that the aforesaid action be removed from the Nineteenth Judicial Circuit in and for St. Lucie County, Florida to the United States District Court for the Southern District of Florida for further proceedings.

Dated: February 23, 2022

---

[3] Ms. L'Hereux was served with the Complaint on February 10, 2022.
[4] See Footnote 1, *supra.*

Respectfully submitted,

**SIMON, REED & SALAZAR, P.A.**

By: /s/Gregory A. Reed
GREGORY A. REED
Florida Bar No. 0074251
9130 S. Dadeland Boulevard, Suite 1209
Miami, Florida 33156
Tel.: (305) 670-0776
Fax: (305) 670-0731
Primary e-mail: greed@simonreedlaw.com
Secondary e-mail: yherrera@simonreedlaw.com;
cbocanegra@simonreedlaw.com
JULIAN M. SMOTHERS
Florida Bar No. 0630640
Primary e-mail: jsmothers@simonreedlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically with the Clerk of Court using CM/ECF on this 23rd day of February 2022.

By:  /s/  Gregory A. Reed

## SERVICE LIST

Marc Bebergal, Esq.
Law Offices of Craig Goldenfarb
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
burgessjackie5544221@projects.filevine.com
mbebergal@800goldlaw.com
cvasquez@800goldlaw.com