# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE NINTEENTH JUDICIAL CIRCUIT IN AND FOR ST. LUCIE COUNTY, FLORIDA

CASE NO.: 2022CA000099
Judge Laurie E Buchanan

JACKIE BURGESS,

 Plaintiff,

vs.

SAM'S EAST, INC., d/b/a SAM'S CLUB, a Foreign Profit Corporation, and KAREN L'HEREUX, as Manager,

 Defendants.
_____/

## COMPLAINT

**COMES NOW** the Plaintiffs, JACKIE BURGESS, by and through their undersigned attorneys, and hereby sue the Defendants, SAM'S EAST, INC., and KAREN L'HEREUX, and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of the sum of Thirty Thousand and One ($30,001.00) Dollars, exclusive of costs, interest and attorney's fees.

2. At all times material hereto, the Plaintiff, JACKIE BURGESS, was a resident of St. Lucie County, Florida

3. At all times material hereto, the Defendant, SAM'S EAST, INC., was a foreign corporation duly licensed and authorized to conduct business in the State of Florida, and doing business in St. Lucie County, Florida.

4. At all times material hereto, Defendant, SAM'S EAST, INC., was doing business as "SAM'S CLUB" at the location of 1750 SW Gatlin Blvd, Port St. Lucie, FL 34953.

5. At all times material hereto, the Defendant, KAREN L'HEREUX, was the manager of the Defendant, SAM'S EAST, INC., at the subject store where the Plaintiff's incident occurred.

## COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT, SAM'S EAST, INC.

6. The Plaintiff, Jackie Burgess, hereby realleges and reavers each and every General Allegation contained in paragraphs 1- 5, above, as though fully set forth herein.

7. On or about September 10, 2018, the Defendant, SAM'S EAST, INC., owned, operated, managed and/or was in control of a business located at 1750 SW Gatlin Blvd, Port St. Lucie, FL 34953, St. Lucie County, Florida and known as SAM'S CLUB.

8. At the time and place aforesaid, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant and was injured when he was walking out of Sam's Club and slipped and fell on a wet slippery concrete surface at the main entrance doorway.

9. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

   b. Failing to correct a dangerous condition that it knew or reasonably should have known existed.

   c. Failing to warn plaintiff about a dangerous condition that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

2

    d. Failing to correct a dangerous condition that occurred with regularity and that was therefore foreseeable.

    e. Failing to train its employees in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

    f. Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

    g. By engaging in a negligent or unreasonable mode of business operation.

    h. In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

    i. The condition occurred with regularity and was therefore foreseeable.

10. The Defendant, SAM'S EAST, INC., had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

11. The Defendant, SAM'S EAST, INC., its agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

12. As a direct and proximate result of the negligence of Defendant, SAM'S EAST, INC., the Plaintiff, Jackie Burgess, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of any pre-existing condition. The losses

are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant, SAM'S EAST, INC., plus costs and post judgment interest and further demands trial by jury.

**COUNT II – NEGLIGENCE CLAIM AGAINST DEFENDANT, KAREN L'HEREUX**

13. The Plaintiff, Jackie Burgess, hereby realleges and reavers each and every General Allegation contained in paragraphs 1- 5, above, as though fully set forth herein.

14. On or about September 10, 2018, the Defendant, KAREN L'HEREUX, operated, managed and/or was in control of a business located at 1750 SW Gatlin Blvd, Port St. Lucie, FL 34953, St. Lucie County, Florida and known as SAM'S CLUB.

15. At the time and place aforesaid, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant and was injured when he was walking out of Sam's Club and slipped and fell on a wet slippery concrete surface outside of main entrance doorway.

16. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. Failing to maintain the premises and/or its areas of ingress and egress in a reasonably safe condition.

   b. Failing to correct a dangerous condition that it knew or reasonably should have known existed.

    c. Failing to warn plaintiff about a dangerous condition that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

    d. Failing to correct a dangerous condition that occurred with regularity and that was therefore foreseeable.

    e. Failing to train its employees in the proper methods of inspecting for, cleaning up and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

    f. Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

    g. By engaging in a negligent or unreasonable mode of business operation.

    h. In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

    i. The condition occurred with regularity and was therefore foreseeable.

17. The Defendant, KAREN L'HEREUX, had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

18. The Defendant, KAREN L'HEREUX, its agents, servants, and/or employees acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

19. As a direct and proximate result of the negligence of Defendant, KAREN L'HEREUX, the Plaintiff suffered bodily injury and resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of any pre-existing condition. The losses are either permanent or continuing in nature and Plaintiff, Jackie Burgess, will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff demands judgment for damages against the Defendant, KAREN L'HEREUX, plus costs and post judgment interest and further demands trial by jury.

DATED: January 18, 2022.

>Law Offices of Craig Goldenfarb
>Attorneys for Plaintiff
>1800 South Australian Avenue
>Suite 400
>West Palm Beach, FL 33409
>(561) 697-4440 / Fax: (561) 687-1950
>
>By:/s/ Marc Bebergal
>MARC L. BEBERGAL, ESQ.
>FL Bar No.: 563331
>burgessjackie5544221@projects.filevine.com
>mbebergal@800goldlaw.com
>cvasquez@800goldlaw.com