UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-14074-CIV-MOORE/MAYNARD

JACKIE BURGESS,

    Plaintiff,

v.

SAM'S EAST, INC., d/b/a Sam's Club,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon an Order to Show Cause Pursuant to Federal Rule of Civil Procedure 11(c)(3) [DE 14] in which presiding U.S. District Judge K. Michael Moore ordered Plaintiff to show cause "why his conduct—specifically, fraudulently joining Karen L'Heureux as a defendant and maintaining a frivolous claim against her in this case—has not violated Federal Rule of Civil Procedure 11(b)." This Order to Show Cause ("OSC") referred the matter to me to issue a recommendation on "the appropriateness of Rule 11 sanctions." [*Id.*] Plaintiff has filed a Response [DE 18]. Defendant has not taken a position on this referred matter. For the following reasons, I respectfully **RECOMMEND** that the OSC be **DISCHARGED** and that Rule 11 sanctions not be imposed.

## BACKGROUND

On January 18, 2022, Plaintiff Jackie Burgess began this case in state court against two Defendants: Sam's East, Inc., d/b/a Sam's Club ("Sam's") and Karen L'Heureux [DE 1-2 at 2-7]. The case stems from an incident on September 10, 2018, when Plaintiff allegedly "slipped and fell on a wet slippery concrete surface at the main entrance doorway" at a Sam's Club store located in

Port St. Lucie [*Id.* at ¶¶ 7-8]. Sam's owned and operated the store, while L'Heureux was the store's manager [*Id.* at ¶¶ 3-5, 7]. In his original two-count Complaint, Plaintiff asserted one claim of negligence against each Defendant [*Id.* ¶¶ 6–19].

On February 23, 2022, Sam's removed the case to federal court ("Notice of Removal") [DE 1]. Following the Notice of Removal, Judge Moore entered an OSC as to why the case should not be remanded [DE 6]. On March 11, 2022, L'Heureux filed a motion seeking to be dismissed from this case as fraudulently joined [DE 9]. Plaintiff opposed L'Heureux's motion and simultaneously asked the Court to remand the matter back to state court [DE 10]. On May 17, 2022, Judge Moore issued an Order granting L'Heureux's motion and terminating L'Heureux as a party to this case based in part on a finding that:

> Again, considering both Plaintiff's pleadings and Defendant's affidavits, Plaintiff fails to state a colorable claim against Defendant Karen L'Heureux. The Complaint is devoid of any allegations from which the Court could infer that Defendant is personally liable for Plaintiff's injuries. The Complaint does not even allege that Defendant was present at the store that day. *See generally* Compl. For these reasons, the Court finds by clear and convincing evidence that there is no possibility that Plaintiff can establish a cause of action against Defendant Karen L'Heureux under state law. *McPherson* [*v. Wells Fargo Bank, N.A.*, No. 13-20545-Civ-KMM, 2013 WL 12059608] at *3 [(S.D. Fla. Apr. 10, 2013)] ("[Defendant] has been fraudulently joined because there is no reasonable basis for a state law claim against [her]."). Accordingly, Defendant Karen L'Heureux must be dismissed as a party from this action. Her citizenship will not be considered in the Court's diversity analysis and there is therefore complete diversity between the parties.

[DE 13 at 10]. Judge Moore observed that "Plaintiff's failure to tailor [the Complaint's] allegations to Defendant [L'Heureux]'s plausible conduct suggests that this claim against Defendant [L'Heureux] was included solely to defeat federal diversity jurisdiction." [*Id.* at 9]. Upon finding complete diversity between the remaining parties, Judge Moore found that Sam's removal to federal court was proper and denied Plaintiff's motion to remand.

The same day, Judge Moore issued an OSC requiring Plaintiff to respond by May 31, 2022, "as to why his conduct—specifically, fraudulently joining Karen L'Heureux as a defendant and maintaining a frivolous claim against her in this case—has not violated Federal Rule of Civil Procedure 11(b)." [DE 14].

On June 3, 2022, after Plaintiff did not timely respond, I issued a second OSC instructing Plaintiff to "comply with Judge Moore's prior [OSC]." [DE 16].

On June 8, 2022, Plaintiff filed a response to my second OSC and requested that Rule 11 sanctions not be imposed [DE 18]. Despite being given an opportunity to chime in, Sam's has not filed a reply or otherwise indicated a position on the issue of Rule 11 sanctions.

Meanwhile, in compliance with Judge Moore's directives, Plaintiff has filed a First Amended Complaint solely against Defendant Sam's [DE 15] and Defendant has filed an Answer with Affirmative Defenses [DE 18]. The case is presently set for trial commencing the two-week trial period of April 24, 2023 [DE 21].

## STANDARD OF REVIEW

In relevant part, Rule 11 states:

**(b)** **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
  **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
  **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
  **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
  ***

>**(c) Sanctions.**
>>**(1)** ***In General.*** If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>>\*\*\*
>>**(3)** ***On the Court's Initiative.*** On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>>**(4)** ***Nature of a Sanction.*** A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
>>**(5)** ***Limitations on Monetary Sanctions.*** The court must not impose a monetary sanction:
>>**(A)** against a represented party for violating Rule 11(b)(2).

Fed. R. Civ. P. 11. Rule 11 generally requires litigants to "'stop-and-think' before initially making legal or factual contentions." *See* Fed. R. Civ. P. 11 advisory committee's note (1993). When deciding whether to impose Rule 11 sanctions, the court:

>first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound.

*Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-Civ-King/Torres, 2017 WL 2959077, at *2 (S.D. Fla. 2017); *see also Adams v. Austal, U.S.A., L.L.C.*, 503 F. App'x 699, 703 (11th Cir. 2013) ("A court conducts a two-step inquiry when evaluating a motion for Rule 11 sanctions: (1) determining whether the non-moving party's claims are objectively frivolous; and (2) determining whether counsel [or a *pro se* party] should have been aware that they were frivolous.").

A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis." *Thompson*, 610 F.3d at 665 (citing *Davis v. Carl*, 906 F.2d 533, 535–37 (11th Cir. 1990)). "Once a court concludes that the factual ... contentions are frivolous, the question becomes whether the attorney should have known they were frivolous." *Thompson*, 610 F.3d at 665 (citing *Worldwide Primates*, *Inc. v. McGreal*, 87 F.3d 1254 (11th Cir. 1996).

Thus, where no evidence or only "patently frivolous" evidence is offered to support factual contentions, sanctions can be imposed. *See Davis*, 906 F.2d at 537. If, however, the evidence supporting the claim is reasonable, but simply "weak" or "self-serving," sanctions cannot be imposed. *See id.* at 536.

Rule 11 sanctions exist to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers," so in considering a motion for sanctions under Rule 11, the court must determine "whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (internal citation omitted).

## **DISCUSSION**

This matter is referred to me for a recommendation on the appropriateness of Rule 11 sanctions. This inquiry turns on (1) whether Plaintiff's claim against L'Heureux was objectively frivolous;[1] and (2) if so, whether Plaintiff's counsel would have been aware that it was frivolous had he made a reasonable inquiry. *Chevaldina*, 2017 WL 2959077, at *2. Ultimately, for the

---

[1] Judge Moore's Order to Show Cause ordered Plaintiff to show cause "why his conduct—specifically, fraudulently joining Karen L'Heureux as a defendant *and maintaining a frivolous claim against her in this case*—has not violated Federal Rule of Civil Procedure 11(b)." [DE 14] (emphasis added). Arguably, this statement by Judge Moore combined with the analysis in the related Omnibus Order [DE 13] operate as a finding that the claim raised against L'Heureux was objectively frivolous. For purposes of this report, I thus assume *arguendo* that this first prong is met and focus my analysis on the second prong.

reasons discussed below, I find that this two-prong standard has not been met and thus recommend that sanctions not be imposed.

Plaintiff first argues that Rule 11 sanctions are not appropriate for the actions of joining and maintaining a claim of negligence against L'Heureux because even if the negligence claim against L'Heureux was found to be frivolous, Plaintiff's remaining claim against Defendant Sam's is not and, thus, the objective standard has not been met. As authority, Plaintiff relies on *Lokhova v. Halper*, 30 F. 4th 349 (4th Cir. 2022). In *Lokhova*, a district court imposed Rule 11 sanctions for the filing of a complaint alleging state law torts of defamation and tortious interference with contract that the district court found to be frivolous. On appeal, the Fourth Circuit Court of Appeals reversed holding "[i]n short, a sanctionable legal argument must have 'absolutely no chance of success under the existing precedent,'" and "only the lack of any legal ... basis is sanctionable." *Lokhova*, 30 F. 4th at 354 (citations omitted). Among other findings, the Fourth Circuit noted that the absolute privilege on which the district court relied to find the complaint frivolous could, at most, extend only to the plaintiff's defamation claim and not her tortious interference claim. "For that reason alone, the district court could not correctly find the Rule 11 standard satisfied." *Id.* at 356. Ultimately, it was held that the district court "could not have concluded, based on the record before it, that Lokhova's complaint had '*no* chance of success.'" *Id.* at 358 (quoting *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (emphasis in original).

I find *Lokhova* to be distinguishable from this case. *Lokhova* involved one frivolous claim out of two alleged claims against a *sole* defendant. Here, by contrast, Plaintiff's original complaint contained two claims against two Defendants: *one* against L'Heureux and *one* against Sam's. The only arguably frivolous claim at issue pertains to the claim raised against L'Heureux.

Next, Plaintiff argues that sanctions are unwarranted because his original Complaint joining L'Heureux as a party is a pre-removal pleading that was filed in state court and, thus, the Federal Rules of Civil Procedure do not apply. It is true that federal pleading standards only apply after removal. *See Duncan v. CitiMortgage, Inc.*, 617 Fed. Appx. 958 (11th Cir. 2015) (citing Fed. R. Civ. P. 81(c)(1) [2]). Thus, Plaintiff is correct that his original complaint is not subject to Rule 11 as a pre-removal pleading. However, Plaintiff filed pleadings *after* removal that continued to pursue a claim of negligence against store manager L'Heureux. These post-removal filings by Plaintiff constitute pleadings that are subject to Rule 11.

Finally, Plaintiff argues that Rule 11 sanctions are unwarranted because other courts have ordered remand in similar slip and fall cases and found joinder to be proper where there is a possibility that a state court might impose liability on a resident defendant under state law. I find this argument persuasive and directly applicable to the inquiry regarding whether Plaintiff's counsel should or would have known that his claim against L'Heureux was frivolous upon reasonable inquiry.

Plaintiff cites three cases in support of this final argument. First, Plaintiff cites *Krobatsch v. Target Corp.*, No. 20-81552-Civ-Altman/Brannon, 2020 WL 6375175 (S.D. Fla. Oct. 30, 2020). In *Krobatsch*, a Target store shopper sued both Target Corporation and the store's manager after she slipped and fell on wine leaking from an abandoned basket in a Target store and suffered injury. Similar to this case, the defendants there removed the case from state to federal court on diversity jurisdiction grounds and argued that the store manager, who would otherwise destroy diversity, was fraudulently joined. Plaintiff filed a motion to remand on grounds that the store manager could be found liable.

---

[2] Rule 81 governs the general applicability of the Federal Rule of Civil Procedure in removed actions and states that "these rules apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1).

In granting the motion to remand the case back to state court, Judge Altman accepted Plaintiff's argument that the store manager was properly joined, reasoning that while the store manager claimed in a sworn and unrebutted affidavit that "he didn't see the spill, he wasn't told about the spill, he didn't overhear anyone mention a spill, and he was totally unaware of the spill until he was called to the front to attend to the Plaintiff," this only proved that he did not have *actual* notice.  Relying on Florida law, Judge Altman noted that "the manager of a store can be liable if he has either actual *or constructive* notice." *Krobatsch*, 2020 WL 6375175, at *4 (citation omitted).  Among other things, Judge Altman observed that the store manager "for instance, doesn't tell us what (if anything) his duties required him to do—or what protocols he was obliged to implement—before a spill took place in order to ensure that spills do not (or only infrequently) occur.  Nor (it goes without saying) does [the store manager] ever tell us that he followed those rules and implemented those protocols precisely as he was taught to do." *Id.*  Describing "an uphill battle" for the defendants, Judge Altman found that the defendants would have "to show by 'clear and convincing evidence,' that 'there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant,'" and "in the context of removal, ties go to the Plaintiff." *Id.* (citations omitted).

Second, Plaintiff cites the similar slip and fall case of *Angel v. Target Corp.*, No. 20-62701-Civ-Altman/Hunt, 2021 WL 1380161 (S.D. Fla. Apr. 13, 2021), in which Judge Altman found joinder of a store manager proper and remanded the case back to state court because there existed a possibility that the store manager was liable to Plaintiff under Florida law.  In *Angel*, the plaintiff had sued both Target Corporation and the store manager for negligence due to injuries she sustained when she slipped and fell in a Deerfield Beach store.  Target argued that the plaintiff had fraudulently joined the store manager, who could never be personally liable for the plaintiff's

injuries incurred because he was not actively negligent. Following *Krobatsch*, Judge Altman found Target's fraudulent joinder argument to be unpersuasive because the complaint's allegations properly alleged that the manager owed a duty of care to keep aisles clear of dangerous liquids and negligently failed to carry out that duty, which he found to be all that was required at the pleading stage. *Id.* at *6. The case was remanded back to state court.

Third, Plaintiff cites *Gonsalves, et al. v. Michaels Stores, Inc.*, No. 21-81828-Civ-Middlebrooks/Matthewman (S.D. Fla. 2021). In *Gonsalves*, a customer and his wife sued Michaels Stores, Inc. and its store manager after a picture frame allegedly fell on him while shopping at a Michaels store. After the case was removed from state court, the plaintiff moved to remand. The defendants argued that plaintiffs had fraudulently joined the store manager to defeat diversity, claiming that plaintiff could not establish a negligence claim against the store manager because she was not present at the time of the accident and did not place or oversee the placement of the picture frame at issue in this dispute. *Id.* at DE 21. Judge Middlebrooks concluded that while an unrebutted affidavit established that the store manager was not present at the store on the day of the accident and was not responsible for shelve stocking, "it does not completely foreclose the possibility that Plaintiffs have stated a claim for negligence against Defendant [store manager] under Florida law to the extent that Defendant [store manager] may still have been responsible for failing to 'maintain the premises in a reasonably safe condition' such as by not 'implement[ing] display item-prevention protocols as she was required to do.'" *Id.* Judge Middlebrooks thus found that the plaintiffs did not fraudulently join the store manager and remanded the case back to state court.

Here, based on the existing record, I do not find that Plaintiff's conduct in pursuing the claim of negligence against store manager L'Heureux was entirely unreasonable or unjustified

under the circumstances.  Though the pursuit of this claim ultimately proved unsuccessful, there is no evidence to show that Plaintiff's counsel engaged in the sort of frivolous and acting-without-thinking conduct contemplated by Rule 11.  That Defendant supplied an affidavit by the store manager regarding that manager's responsibilities does not render Plaintiff's counsel's continued prosecution of the negligence claim against the manager sanctionable.  Discovery is designed to elucidate and sharpen the parties' factual allegations and defenses, and it is possible that counsel believed further information regarding the manager's potential liability would be discovered as the case progressed.

More importantly, as the cases discussed above demonstrate, Plaintiff's claim against the store manager was at least colorable and a reasonable attorney pursuing this case certainly could have believed that the claim was legally and factually justified.  *See Kaplan*, 331 F.3d at 1255; *cf. Thomas v. Early Cnty., GA*, 360 F. App'x 71, 75 (11th Cir. 2010) (holding that Rule 11 sanctions were warranted "because Plaintiffs' complaints had no colorable basis in law or fact and Plaintiffs' attorney should have known that").  Because "Rule 11 is intended to deter claims with *no* factual or legal basis at all," sanctions are not warranted where the evidence and legal authority underpinning a plaintiffs' claims are "merely weak."  *Davis v. Carl*, 906 F.2d 533, 535-38 (11th Cir. 1990) (emphasis in original).  Such is the case here.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that the Court find Rule 11 sanctions unwarranted and **DISCHARGE** the Order to Show Cause Pursuant to Federal Rule of Civil Procedure 11(c)(3) [DE 14].

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge K. Michael Moore. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 22nd day of August, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE